IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GIOVANNI TERAN                                                                         PETITIONER

VS.                                                           CIVIL ACTION NO. 5:11cv114-DPJ-FKB

BRUCE PEARSON, WARDEN                                                        RESPONDENT

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Giovanni Teran, a federal prisoner. Having considered the petition and response, the undersigned recommends that the petition be dismissed with prejudice.

Teran was tried and convicted in the United States District Court for the Northern District of Texas of conspiracy to possess with intent to distribute a controlled substance (count 1), possession with intent to distribute a controlled substance (count 2), and maintaining a drug-involved premises (count 3). He was sentenced to 264 months on counts I and 2, and 240 months on count 3. His conviction was affirmed by the Fifth Circuit on September 10, 2009. *United States v. Teran*, 332 F. App'x 215 (5th Cir. 2009).

In his habeas petition, Teran seeks to have his conviction and sentence vacated on the following grounds:

I.  That he is actually innocent of the crimes of his conviction because the court lacked jurisdiction due to the government's failure to timely file his indictment;

II. That he did not receive notice of the government's motion to continue or to extend the time for filing an indictment; and

> III. That his attorney rendered ineffective assistance in failing to advise him of the risk of deportation were he to plead guilty.

In his petition, Teran is clearly attacking the validity of his conviction and sentence. The proper vehicle for such a challenge is a motion under 28 U.S.C. § 2255 in the sentencing court, not a § 2241 motion in this court. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). A § 2241 petition is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[1]

Teran argues that his claims are properly asserted in a § 2241 petition because his ineffective assistance claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (i) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Teran's ineffective assistance claim relies upon *Padilla v. Kentucky,* 130 S.Ct. 1473 (2010), in which the Court held that an attorney has a duty to advise a non-

---

[1] The proper subject for a § 2241 petition is the manner in which a sentence is carried out or a determination as to its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Such petitions are heard by the court with jurisdiction over the facility in which the prisoner is incarcerated. *Id.* Thus, construing the present petition as one under § 2255 would not help Taran, because this court would have no jurisdiction.

2

citizen criminal defendant of the risk of deportation arising from a guilty plea. Teran's position is that he may claim benefits of the savings clause because his ineffective assistance claim is based upon a newly-recognized, retroactively-applicable right and could not have been prior to March 31, 2010, the date of the *Padilla* decision.

The most obvious error in Teran's reasoning is that he has no cognizable *Padilla* claim. Teran did not plead guilty, and he has not been deported. Instead, he proceeded to trial, was found guilty, and is incarcerated in the United States. *Padilla* is inapplicable.

Moreover, Teran could have filed a timely § 2255 petition after the *Pedilla* decision. Teran's conviction became final on January 4, 2010, when his ninety-day period for filing a petition for a writ of certiorari with the Supreme Court expired. He had at least one year from that date in which to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1).[2] Thus, any *Padilla* claim was not foreclosed at the time he could have filed a § 2255 motion.[3]

For these reasons, the undersigned recommends that relief be denied and that Teran's petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

---

[2] He had "at least" one year because, assuming for the sake of argument that the *Padilla* decision is retroactively applicable, and, further assuming that Teran had cognizable *Padilla* claim, his one year would have begun to run on the date of the *Padilla* decision. *See* 28 U.S.C. § 2255(f)(3).

[3] On October 11, 2011, Teran filed a § 2255 motion in the sentencing court asserting a *Padilla* claim. The petition was dismissed as untimely. *Giovanni Teran v. United States of America*, No. 4:11cv724-A (N.D. Tex. Nov. 29, 2011).

3

on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of November, 2013.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

4